UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHIREO TYVEONCE RIVERS,

          Plaintiff,

v.                                                Case No. 17-cv-459-pp

ARMOR CORRECTIONAL STAFF, et al.,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND GRANTING PLAINTIFF'S LETTER MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 7)**

      On March 30, 2017, the plaintiff filed a complaint, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. The Prison Litigation Reform Act applies to this case, because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed without prepaying the full case filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

      On April 7, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $41.61. Dkt. No. 6. On April 24, 2017, the court received that partial filing fee from the plaintiff. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the full filing fee. The court

1

will require the plaintiff to pay the remainder of the filing fee over time in the way explained at the end of this order.

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). Normally, at this stage, the court would now screen the complaint the plaintiff filed on March 30, 2017. But on April 27, 2017, the plaintiff filed a letter indicating that he would like to amend his complaint, and asking the court to explain the process for doing so. Dkt. No. 7.

Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff to amend his complaint one time without the court's permission[1] as long as he does so within twenty-one days of serving the complaint. If the plaintiff asks to amend the complaint more than twenty-one days after filing the original complaint, he needs the court's permission. The court received the plaintiff's letter about amending the complaint twenty-eight days after he filed his original complaint, so it appears that he needs court permission to amend. The court construes the letter it received on April 27, 2017 as a motion for leave to amend the complaint.

The letter does not explain why the plaintiff wants to amend the complaint. But the court has not yet ordered the Marshal's Service to serve the complaint on the defendants (because the court had not yet screened the

---

[1] If the plaintiff desires to amend his complaint a second time at some later date, he will be required to file a motion to obtain the court's permission and otherwise comply with Civil L.R. 15.

original complaint). And he filed his motion to amend less than a month after filing the original complaint, so there has been no significant delay in processing the case. The court will grant the plaintiff's request, and will allow him to file an amended complaint. Once the court receives the amended complaint, the court will screen it as required by 28 U.S.C. §1915A.

An amended complaint takes the place of the prior complaint, so it must be complete in itself, without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). The plaintiff should, using the court's complaint form, lay out all the grounds he wishes to raise (including the ones he raised in his original complaint), and the facts that make him believe he should succeed on those claims. He must include the docket number assigned to this case (17-cv-459). At the top of the first page of the complaint form, where the court form says "COMPLAINT (for filers who are prisoners without lawyers)," the plaintiff should write in the word "AMENDED" before the word "COMPLAINT."

Finally, the court reminds the plaintiff that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). This means that the plaintiff must explain in his complaint exactly why he

believes that each defendant harmed him, and how that defendant harmed him. The doctrine of *respondeat superior* does not apply to cases filed under 42 U.S.C. §1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). This means that the law does not allow a judge or jury to find a supervisor or employer liable solely because they were a supervisor or employer; the complaint must show that the particular supervisor or employer directly caused or participated in the alleged wrongdoing. Similarly, §1983 does not create collective or vicarious responsibility. Id. In other words, neither a court nor a jury may hold a person liable or responsible for someone else's misconduct.

In short, with respect to any claim or claims the plaintiff brings in his amended complaint, he must identify the individual defendants and specify how their actions, or their failure to take action, violated his constitutional rights.

If the plaintiff still wants to file an amended complaint, he must file it in time for the court to receive it by the end of the day on **June 30, 2017.** If the court does not receive an amended complaint by the deadline, the court will screen the plaintiff's original complaint.

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the full filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's letter motion for leave to file an amended complaint. Dkt. No. 7. The court **ORDERS** that the plaintiff may file an amended complaint in time for the court to receive it on or before **June 30,**

4

**2017**. If the plaintiff does not file an amended complaint by the deadline, the court will screen the plaintiff's original complaint.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $308.39 balance of the filing fee, by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account, and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payment by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining trust account balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined and to Dennis Brand at the Milwaukee County Jail.

The court also **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.

It will only delay the processing of the case.

Dated in Milwaukee, Wisconsin, this 22nd day of May, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**