UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHIREO TYVEONCE RIVERS,

                    Plaintiff,

        v.                                    Case No. 17-cv-459-pp

ARMOR CORRECTIONAL STAFF,
ARMOR DENTAL STAFF, and
ARAMARK KITCHEN SERVICES,

                    Defendants.

## DECISION AND ORDER SCREENING THE COMPLAINT (DKT. NO. 1)

The plaintiff filed a complaint on March 30, 2017, alleging that the

defendants violated his constitutional rights. Dkt. No. 1. Less than a month

after the court received the complaint, the court received a letter from the

plaintiff, asking whether he could amend his complaint and asking the court to

explain the process for doing so. Dkt. No. 7. The court provided the plaintiff

with information about amending complaints, and told him that, if he wanted

to amend his complaint, he needed to send the amended complaint to the court

by June 30, 2017. Dkt. No. 8. The court also told the plaintiff that if it did not

receive an amended complaint by the deadline, the court would screen his

original complaint. Id.

Four days before the deadline, the court received another letter from the

plaintiff. Dkt. No. 9. This letter asked the court to disregard the plaintiff's

previous request that he be allowed to file an amended complaint, and asked the court to screen his original complaint. Id.

## I.      Screening the Plaintiff's Complaint

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed the complaint. 28 U.S.C. §1915. That law requires courts to screen complaints to identify whether the plaintiff states viable claims. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three strikes provisions in the PLRA. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Joinder of multiple defendants into one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2).

A.    The Court's Analysis

The plaintiff named three defendants in his complaint—Armor Correctional Staff (whom he also refers to as Armor Correctional Services), Armor Dental Staff, and Aramark Kitchen Services (which he also calls Aramark Food Services). Dkt. No. 1 at 1.

The plaintiff first alleges that, while at the Milwaukee County Jail, he showed the dentist a tooth that hurt. Dkt. No. 1 at 2. The dentist allegedly told

the plaintiff that he would pull the tooth, but, according to the plaintiff, the dentist pulled the wrong tooth. Id. A few weeks later, the plaintiff's gum continued to hurt and he could feel chipped tooth fragments in his gum. Id. at 3. The plaintiff believes that the dentist extracted only half of his tooth, but he states that, because he is afraid, he refused further dental services. Id. The court will refer to these allegations as Case #1.

Next, the plaintiff alleges that his meals are served to him on old, plastic trays that are chipped and damaged. Id. at 2-3. The plaintiff states that he often has to pick plastic chips from the trays out of his food. Id. at 3. The plaintiff states that this is a violation of Wisconsin food regulations. Id. The court will refer to these allegations as Case #2.

Finally, the plaintiff alleges that in late December 2016, he was suffering from heat exhaustion and tooth aches. Id. He states that he passed out in his cell, and that when he came to, at about 9:30 p.m., he pushed his emergency call button. Id. He states that Armor Correctional Staff did not arrive at his cell until 10:42 p.m., and that during the intervening time, he could have passed out or had a seizure or died. Id. When the staff arrived, they checked his vitals, accused him of lying, and threatened to charge him for the call. Id. The court will refer to these allegations as Case #3.

B.     The Court's Analysis

The plaintiff's complaint violates Fed. R. Civ. Pro. 18 and 20, because it advances unrelated claims against separate sets of defendants in a single complaint. The defendants in Case #1, Case #2, and Case #3 do not overlap,

and the questions of fact and law at issue in Case #1 (the alleged deliberate indifference of the dentist), Case #2 (the conditions of the plaintiff's confinement), and Case #3 (the deliberate indifference of unidentified corrections officers or medical staff) have nothing in common with one another. This is not to say that the plaintiff may not pursue all three cases, only that he must pursue them in separate lawsuits and pay a separate filing fee for each one.

The court also reminds the plaintiff that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability, or vicarious liability under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). That means, with respect to any claim or claims the plaintiff advances in his amended complaint, he must identify the individual defendants and explain what each defendant did or did not do to violate his constitutional rights. If the plaintiff does not know the real name of a defendant, he may use a John or Jane Doe placeholder; referring broadly to "correctional staff" or "dental staff," however, is not adequate to state a claim against an individual.

Because the court will not allow the plaintiff to proceed on the original complaint, it will allow him to file an amended complaint that includes allegations related only to Case #1, Case #2, or Case #3. (He must choose only one case to pursue in his amended complaint. If he wants to pursue the other

two cases, he must file new, separate complaints for each of those cases.) If the plaintiff chooses to file an amended complaint, he must do so by **September 15, 2017.** If he does not file an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to diligently prosecute it. See Civil L.R. 41(c).

The court advises the plaintiff that his amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will replace the original complaint, so any matters not included in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). The amended complaint must be complete in and of itself—in other words, the plaintiff cannot file an attachment or a supplement. He must file a new complaint form, containing all of the factual allegations relating to the case he seeks to pursue, and listing all of the individual defendants he believes are liable for his claim. If the plaintiff files an amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. §1915A.

## II. Conclusion

The court **ALLOWS** the plaintiff to file an amended complaint that complies with the requirements of Rules 18 and 20. If he chooses to file an amended complaint, he must do so on or before **September 15, 2017**. If the plaintiff no longer wants to pursue this case, he does not need to take any further action.

The court **ORDERS** that, if the plaintiff does not file an amended complaint by **September 15, 2017,** the court will dismiss this case for failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin this 7th day of August, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge