UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHIREO TYVEONCE RIVERS,

            Plaintiff,

v.                                                 Case No. 17-cv-459-pp

JOHN DOE,

            Defendant.

**DECISION AND ORDER SCREENING PLAINTIFF'S
AMENDED COMPLAINT (DKT. NO. 12), DENYING AS MOOT
PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE (DKT. NO. 14), AND DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 13)**

       The plaintiff filed a complaint under §1983, alleging that various entities had violated his constitutional rights. Dkt. No. 1. The court screened the complaint, and concluded that the plaintiff had not stated a claim against the named defendants, and had included unrelated claims in a single complaint. Dkt. No. 10. The court gave the plaintiff the opportunity to file an amended complaint, id., and the court received his amended complaint on September 15, 2017. Dkt. No. 12. The plaintiff also filed a second motion to proceed without prepayment of the filing fee, which the court will deny as moot because it has already granted that relief.[1] Dkt. No. 8. Finally, the plaintiff filed a

---

[1] Plaintiffs do not have to pay a new filing fee for amending a complaint. There is one filing fee due per *case,* not per *complaint.*

motion to appoint counsel. Dkt. No. 13. In this order, the court screens the plaintiff's amended complaint and resolves his motion to appoint counsel.

## I. Screening the Plaintiff's Amended Complaint

The law requires the court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed on a claim that his constitutional rights were violated under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully

pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. The Plaintiff's Allegations

The plaintiff alleges that on November 27, 2016, while he was incarcerated at the Milwaukee County Jail, he submitted a dental request about his toothaches. Dkt. No. 12 at 2. He states that did not get an appointment with the dentist, so about five days later, he submitted another dental request. Id. The plaintiff alleges that he still wasn't seen by the dentist, so he submitted two more dental requests over the next week. Id. The plaintiff explains that the dentist (whose name he does not know, so he identifies him as "John Doe") finally examined him about two weeks after his original request. Id. at 3.

At the examination, the plaintiff states that John Doe told him he had two infected teeth that needed to be extracted. Id. John Doe scheduled an extraction date about ten days out, but the plaintiff states that John Doe did not extract the tooth until more than a week after the scheduled extraction date. Id. The plaintiff states that he was in a lot of pain prior to John Doe extracting the teeth, pain that affected his ability to sleep. Id. He explains that he only sometimes received ibuprofen; other times he simply had to endure the pain. Id. A few days before John Doe extracted the teeth, the pain was allegedly so severe that the plaintiff pushed the emergency call button in his cell. Id.

The plaintiff explains that about three days after John Doe extracted two teeth, he learned that John Doe allegedly pulled the wrong tooth. Id. At a December 12, 2016 appointment, the plaintiff says, John Doe told him that his

3

lower left rear wisdom tooth and his upper left second tooth from the rear were infected. Id. He learned after the extraction, however, that John Doe had pulled the *top* left rear wisdom tooth, rather than the bottom one. Id. He says he also noticed tooth fragments in his mouth. Id.

    B.    The Court's Analysis

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). Id. The court will allow the plaintiff to proceed on a deliberate indifference claim against John Doe, the dentist at the Milwaukee County Jail, based on his allegations that John Doe initially delayed treating the plaintiff's toothaches, that he failed to provide the plaintiff with pain relief during the delay, and that he ultimately extracted the wrong tooth.

Because the plaintiff does not know the real name of the defendant, the court will allow this case to proceed to discovery against Acting Milwaukee County Sheriff Richard Schmidt. The court is not requiring Acting Sheriff Schmidt to respond to the plaintiff's complaint; however, the court expects him to assist the plaintiff in identifying the real name of John Doe. See Donald v. Cook County Sheriff's Dept., 95 F.3d 548m 555 (7th Cir. 1996) (encouraging district courts to assist *pro se* plaintiffs with identifying John Doe defendants).

4

The plaintiff may send written questions to Acting Sheriff Schmidt[2] limited to the topic of identifying John Doe's real name. Once the plaintiff knows John Doe's real name, he should file a motion asking the court to substitute the real name for the John Doe placeholder.

## II. The Plaintiff's Motion to Appoint Counsel (Dkt. No. 13)

The plaintiff filed a motion asking the court to appoint counsel to represent him. Dkt. No. 13. In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff does not indicate whether he has tried to hire his own attorney. That means the court does not know whether he has satisfied the

---

[2] The plaintiff may mail his written questions to Richard Schmidt, Acting Milwaukee County Sheriff, 821 West State Street, Room 107, Milwaukee, Wisconsin, 53233. The plaintiff is encouraged to include a copy of this order with his written questions.

first Pruitt factor. Before the court can consider whether to appoint counsel, the plaintiff must provide the court with evidence that he contacted at least three attorneys, seeking their help. Because the plaintiff has failed to satisfy the first step in the Pruitt process, the court will deny his motion.

The court notes that even if the plaintiff *had* made a reasonable effort to hire counsel on his own, the court would not have granted the plaintiff's motion at this time. This is not a complex case. The case depends in great part on the plaintiff's ability to tell the court what the defendant did to violate his rights. The plaintiff's filings to date have been easy to understand; his writing is neat, and his logic is clear and organized. The court finds that the plaintiff is capable of representing himself at this point.

The court has included a brochure entitled, "Answers to Prisoner Litigants' Common Questions," which the plaintiff may find helpful. If circumstances change or the plaintiff encounters obstacles that he does not believe he can handle on his own, he may renew his motion and the court will consider it at that time (assuming he has made a reasonable attempt to hire an attorney as discussed above).

### III. The Plaintiff's Questions about Additional Complaints

In its screening order, the court explained to the plaintiff that he could not bring unrelated claims in a single complaint. It gave him the opportunity to file an amended complaint that contained only related claims. As discussed above, the plaintiff took that opportunity, and the court is allowing him to proceed on a deliberate indifference claim. The plaintiff recently filed a letter,

asking if he could file two additional complaints about the unrelated claims that he had included in his original complaint even though the deadline in the court's screening order to file an amended complaint has expired.

The deadline in the court's screening order related only to *amending* the complaint in *this* case. That deadline does not have anything to do with whether the plaintiff may file new, separate complaints (which will be assigned separate case numbers) about unrelated claims. The plaintiff should know, however, that every new complaint the plaintiff files will result in the clerk of court opening a new case, and because of that, he will be required in each case either to pay the filing fee or file a motion to proceed without paying the filing fee. The court will send the plaintiff two blank complaint forms, which he should use if he decides to file additional complaints. If the plaintiff is incarcerated when he files a new complaint, the court will screen the complaint (just as it did the complaints in this case) to determine whether the complaint states claims with which he may proceed.

## IV. Conclusion

The court **ORDERS** that the clerk's office shall treat the September 15, 2017 amended complaint as the operative complaint in this case.

The court **DENIES AS MOOT** the plaintiff's second motion for leave to proceed without prepayment of the filing fee. Dkt. No. 14.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 13.

The court will mail a copy of this complaint to Acting Milwaukee County Sheriff Richard Schmidt. Sheriff Schmidt is not required to respond to the plaintiff's amended complaint, but the court expects him to assist the plaintiff in identifying the real name of defendant John Doe.

The court also will mail the plaintiff the brochure entitled "Answers to Prisoner Litigants' Common Questions" and two blank prisoner complaint forms.

Dated in Milwaukee, Wisconsin this 14th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**