UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHIREO TYVEONCE RIVERS,

            Plaintiff,

v.                                                    Case No. 17-cv-459-pp

BRIAN CHYBOWSKI, DDS,

            Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 30) AND DISMISSING CASE WITHOUT PREJUDICE**

      Plaintiff Deshireo Rivers, who is representing himself, filed a civil rights complaint on March 30, 2017 Dkt. No. 1. He amended the complaint on September 15, 2017. Dkt. No. 12. The court screened the amended complaint and allowed him to proceed on an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant Chybowski. Dkt. No. 15. On July 26, 2018 the court issued a scheduling order, setting a discovery deadline of November 30, 2018. Dkt. No. 22. On the date of the deadline—November 30, 2018—the defendant filed a motion to dismiss for failure to prosecute, indicating that the plaintiff has not responded to discovery. Dkt. No. 24.

      On January 29, 2019, the court issued an order to show cause, directing that by the end of the day on February 20, 2019, the plaintiff either had to respond to the defendant's discovery demands or explain why he could not do so. Dkt. No. 29. The court warned the plaintiff that if the defendant did not

1

receive the plaintiff's response materials by the end of the day on February 20, or the court did not receive a statement from the plaintiff stating good cause for failing to respond to the defendant, the court may dismiss the case based on the plaintiff's failure to diligently pursue it under Civil L.R. 41(c). Id. at 2.

February 20, 2019 came and went, and the court did not receive anything from the plaintiff. On March 11, 2019, the defendant filed a motion to dismiss, indicating that the plaintiff had not responded to his request for discovery or contacted defense counsel at all. Dkt. No. 30 at 2.

Civil L. R. 41(c) of the Eastern District of Wisconsin states, "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice . . . ." The plaintiff did not respond to the defendants' discovery requests by the February 20 deadline, and has not explained to the court why he hasn't done so; this indicates to the court that he no longer wishes to prosecute his case.

The court **GRANTS** the defendant's motion to dismiss the case. Dkt. No. 30.

The court **ORDERS** that this case is **DISMISSED without prejudice** due to the plaintiff's failure to diligently pursue it. Civil L.R. 41(c). The plaintiff may ask this court to reinstate the case within twenty-one days of the date of this order; if he does so, he must state good cause for his failure to provide discovery or respond to this court's order.

If the plaintiff does not ask this court for reinstatement within twenty-one days of the date of this order, this order and the judgment to follow are

final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 19th day of March, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**